IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **NICHOLAS L. JOHNSON,** § <br> **Plaintiff,** § <br> § <br> **v.** § <br> § <br> **KILOLO KIJAKAZI,** § <br> **Acting Commissioner of the Social** § <br> **Security Administration,** § <br> **Defendant** § | **Civil Action No. 6:20-cv-00845-ADA-DTG** |

### FINAL JUDGMENT ON PLAINTIFF'S MOTION TO REMAND (ECF NO. 18)

Plaintiff Nicholas L. Johnson filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. ECF No. 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. ECF Nos. 13 & 16. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, the applicable law and having heard oral argument, finds that the Commissioner's decision should be remanded.

### I. FACTS

On October 31, 2018, Plaintiff filed an application for disability benefits with an alleged onset date of May 1, 2018. The Social Security Administration held a hearing and on April 1, 2020, the ALJ denied disability insurance benefits. The Appeals Council denied Plaintiff's request for review, and Plaintiff timely filed this appeal.

The ALJ followed the five-step format for analyzing Plaintiff's claim. She determined that Plaintiff had not performed substantial gainful activity since his alleged onset date and that

Plaintiff had severe impairments of "lumbar spondylosis with radiculopathy, intravertebral disc disorder and disc displacement, lumbar degenerative disc disease, status-post left lumbar discectomy, bilateral sciatica, mild rotator cuff tendonitis in left shoulder, Hill-Sachs deformity of left shoulder, radial styloid tenosynovitis, right shoulder rotator cuff tendinopathy status-post arthroscopy and acromioplasty, minimal narrowing of medial compartment in right knee, posttraumatic stress disorder (PTSD), and major depressive disorder." ECF No. 21 at 2 (citing transcript at 17). At step three, the ALJ found that Plaintiff's impairments did not meet any of the listed impairments in 20 C.F.R. Pt 404, Subpart P, Appendix 1, and proceeded to assess Plaintiff's residual functional capacity. The ALJ determined that Plaintiff retained the capacity for light work with restrictions of "no crawling or climbing ladders, ropes, or scaffolds; no commercial driving; no exposure to work hazards; no more than occasionally stooping, kneeling, crouching, pushing, pulling, or reaching overhead; simple instructions and tasks; incidental contact with co-workers; and no work-related contact with the public." *Id*. at 2-3 (citing transcript at 19-30). The ALJ proceeded to step four and held that Plaintiff could not perform his past relevant work, and at step five determined that Plaintiff could perform other work that existed in significant numbers in the national economy. *Id*. at 3 (citing transcript 30-32).

On appeal, Plaintiff challenges the ALJ's determination of his residual functional capacity.

## II.  STANDARD OF REVIEW

Under governing law, this Court's review of the denial of benefits is limited. This Court is limited to a determination of whether the ALJ applied the proper legal standards and whether the decision is supported by substantial evidence. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). "Substantial evidence is more than a scintilla, less than

preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990)). While the substantial evidence review affords deference to the ALJ's factual findings, the ALJ's legal conclusions and claims of procedural error are reviewed *de novo. See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carr v. Apfel*, 133 F. Supp. 2d 476, 479 (N.D. Tex. 2001).

### III.  ANALYSIS

Plaintiff filed this appeal to raise a single issue—the ALJ's determination of Plaintiff's residual functional capacity based on the finding that the opinion of Licensed Professional Counselor Maryann Bell was not persuasive. Specifically, Plaintiff challenges the ALJ's failure to articulate how she considered the supportability and consistency of Counselor Bell's opinions as required by 20 C.F.R. § 404.1520c(b)(2). Plaintiff contends that this alleged failure is not harmless, as it prevented Plaintiff from being able to meaningfully rebut or address the ALJ's conclusion regarding Counselor Bell. ECF 18 at 10.

A specific regulation governs how the ALJ should consider medical opinions for claims filed after March 27, 2017. 20 CFR § 404.1520c. The regulation lists five factors that must be considered when evaluating medical opinions and prior administrative medical findings. *Id*. at § 404.1520c(c). Of those five factors, the regulation states that "*supportability* (paragraph (c)(1) of this section) and *consistency* (paragraph (c)(2) of this section) are the most important factors." *Id*. § 404.1520c(b)(2) (emphasis added). Because of that importance, the regulation requires the ALJ to "*explain* how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." *Id*. (emphasis added); *see also Silva v. Kijakazi*, Case No. SA-21-CV-287-HJB, 2022 WL

17478589, at *6 (W.D. Tex. Sept. 27, 2022) (stating that supportability and consistency "are the only factors to which the ALJ is required to provide an express explanation.").

The ALJ failed to explain how she considered the supportability and consistency of Counselor Bell's records. Rather, the ALJ summarily stated that she "assigned Ms. Bell's opinion limited persuasive value." ECF 14-2 at 30 (transcript at 29). The complete explanation by the ALJ reads:

> The undersigned has assigned Ms. Bell's opinion limited persuasive value. The opinion relies heavily on the subjective reports of symptoms and limitations provided by the claimant and the totality of the evidence does not support Ms. Bell's overall opinion (see Exhibits 7F, 12F, 23F, and 24F).

*Id*. This is the concluding sentence in the paragraph where the ALJ addressed Counselor Bell's opinions. While the ALJ detailed some of Plaintiff's medical records, nowhere did the ALJ discuss supportability or consistency. *See id*. The ALJ summarized Counselor Bell's records and findings but failed to explain whether they were supported by or consistent with other records or findings in any way.

The ALJ's failure to follow the regulations leaves Plaintiff to guess at how the ALJ evaluated the supportability and consistency of Counselor Bell's records in light of Plaintiff's other medical records. As stated by Plaintiff, this failure makes it "impossible to determine what the ALJ meant by 'the totality of the evidence;." ECF No. 18 at 13. This result is especially puzzling when there are no opinions that contradict Counselor Bell's opinion stated in Exhibit 21F. *See* ECF No. 14-6 at 90 (transcript at 331); ECF No. 14-16 at 143 (transcript at 1841). For example, the ALJ referred to one of Plaintiff's psychiatric records that appears to support Counselor Bell's opinion, but without an explanation, it is impossible to tell why that psychiatric record did not support Counselor Bell's opinion. *See* ECF No. 14-2 at 29 (transcript at 28) (noting that "in a psychiatry appointment on June 25, 2019, the claimant stated that he felt

depressed and anxious with increased irritability and did not feel his antidepressant was working (Exhibit 23F/10).")  Similarly, despite considering the VA's one-hundred percent disability rating, there is not an explanation about how it affects consideration of Counselor Bell's opinion. *Id*. at 31 (transcript at 30).

The ALJ also erred by disregarding Counselor Bell's opinions solely because they were based on Plaintiff's subjective reports. In the only discussion of Counselor Bell's opinion, the ALJ found it unpersuasive because, "[t]he opinion relies heavily on the subjective reports of symptoms and limitations provided by the claimant and the totality of the evidence does not support Ms. Bell's overall opinion (see Exhibits 7F, 12F, 23F, and 24F)." *Id*. at 30 (transcript at 29). In addition to the above-discussed failure, it is also improper to disregard mental health evaluations simply because they are subjective. *See Estrada v. Comm'r of Soc. Sec. Admin.*, No. SA-18-CV-00002-DAE, 2019 WL 453619, at *1 (W.D. Tex. Feb. 5, 2019). This additional shortcoming results in the ALJ's opinion not being by substantial evidence.

Having determined that the ALJ erred, the Court must determine whether this error was harmless. *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir.1988). "[H]armless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Davidson v. Colvin*, 164 F. Supp. 3d 926, 944 (N.D. Tex. 2015) (citing *Bornette v. Barnhart*, 466 F. Supp. 2d 811 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003))); *see also Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (finding error where an ALJ's failure to request additional evidence might have led to a different result.). "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

The ALJ's failure to explain the supportability and consistency of Counselor Bell's opinion and the rejection of that opinion because it relied on subjective reports of Plaintiff was error. Those shortcomings affected Plaintiff's substantial rights. The summary statement by the ALJ without a more-detailed analysis prevented Plaintiff from being able to adequately respond or address the ALJ's findings. This affected Plaintiff's substantial right of review.

To allow Plaintiff to adequately address the ALJ's view of Counselor Bell's opinion, the supportability and consistency of the opinion should be addressed on remand. To the extent there are medical records that contradict—i.e., do not support or are inconsistent with—Counselor Bell's opinion they should be identified. If there are reasons for rejecting Counselor Bell's opinion beyond it relying on Plaintiff's subjective complaints, those reasons should be articulated.

Accordingly, the Commissioner's decision is reversed and remanded for a reevaluation of the Plaintiff's application.

SIGNED this 17th day of January, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE